No. 776

STANTON, et v. STOISER et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7865. Decided March 7, 1927.

**First Publication of this Opinion.**

**951. PRINCIPAL AND AGENT**—Where money is paid to agent, to be turned over to principal on performance of condition, and principal fails to perform, agent is liable for return of money.

Error to Municpal Court.
Judgment affirmed.

C. W. Fisher, Cleveland, for Stanton, et.
B. Pearce, Cleveland, for Stoiser et.

LEVINE, J.

In the statement of claim, defendants in error alleged that John F. Stanton and George Dorsey were real estate agents; that they induced defendant in error to enter into a contract with one C. J. Hutchings, owner of property, whereby the parties agreed to purchase the property owned by Hutchings; that, at the time of entering into the agreement, defendant in error paid the sum of $100 to plaintiff in error as a down payment on the purchase price; that Hutchings was unable to comply with the terms of the contract, and thereupon defendants in error demanded of plaintiffs in error that they return the $100, which demand was refused.

When the case came to be heard in the Municipal Court of Cleveland, and before introduction of evidence, counsel for plaintiffs in error, who were defendants below, offered the following motion.

"That this case be dismissed for the reason that the defendants were improper parties to this lawsuit, which is apparent on the face of the statement of claim."

Said motion was overruled and an exception duly entered.

The ground for the motion was that the plaintiffs in error, defendants below, were not the agents of defendants in error, but were instead the agents of Hutchings. That the money so paid, was in fact a payment to their principal, and that if any rights, obligations or liabilities arose, the same existed merely between the contracting parties.

We are of the opinion that this statement of the law is correct. The only question for us to determine is as to its application to the case at bar. A perusal of the statement of claim contains the following:

"That, at the time of entering into said agreement plaintiffs paid the sum of $100 on the purchase price to said defendants, which they are holding to the use and benefit of plaintiffs."

The language, in our opinion, is broad enough to predicate the claim upon a theory of trust relationship. In other words, it was the claim of defendants in error, that when they paid the sum of $100 to the agent, they did so with the understanding that this money was to apply to the purchase price and was to go to Hutchings in the event that he could deliver title in accordance with the contract, that otherwise the money was to be held by the agents for the use and benefit of defendants in error.

The only question which presents itself upon the bill of exceptions as filed, is whether or not, upon the face of the pleading, the statement of claim states a cause of action. In our opinion, upon the gounds stated, the statement of claim does state a cause of action.

(Sullivan, PJ., concurs. Vickery, J., not sitting.)